# EXHIBIT A

Filing # 99775822 E-Filed 12/04/2019 12:21:10 PM

ЈУМ 1277
12/11/19 3:35

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.: CACE-19-024861

JAMES HELTON,
an individual,

                Plaintiffs,

v.

GREGORY TONY,
as Sheriff of Broward County Sheriff's Office, and
Broward County Sheriff Deputy
DEREK DIAZ BSO ID 14028,
individually, and
KATIA WLODARCZYK BSO ID 12088,
individually,

                Defendants.

_____/

## SUMMONS

### THE STATE OF FLORIDA:

To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this action on Defendant Gregory Tony as Sheriff of Broward County, by serving him personally, or another person duly authorized to accept service at:

2601 W. Broward Boulevard
Ft. Lauderdale, Florida 33312

     Each defendant is required to serve written defenses to the Complaint on Benjamin Korn, Esq., Plaintiff's attorney, whose address is The Law Office of Benjamin Korn, 444 Brickell Avenue, Suite 51-332, Miami, Florida 33131, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

**DATED** on     DEC 11 2019

BRENDA D. FORMAN
As Clerk of the Court

By: _____
As Deputy Clerk

**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.: CACE-19-024861

JAMES HELTON,
an individual,

               Plaintiffs,

v.

GREGORY TONY,
as Sheriff of Broward County Sheriff's Office, and
Broward County Sheriff Deputy
DEREK DIAZ BSO ID 14028,
individually, and
KATIA WLODARCZYK BSO ID 12088,
Individually,

               Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff JAMES HELTON, by and through undersigned counsel, pursuant to applicable rules of civil procedure, sue Defendants, GREGORY TONY as Sheriff of Broward County, Florida (hereinafter referred to as "Broward Sheriff's Office" or "BSO"), DEREK DIAZ (hereinafter referred to as "Defendant Diaz" or "Deputy Diaz") and KATIA WLODARCZYK (hereinafter referred to as "Defendant Wlodarczyk" or "Deputy Wlodarczyk"), for the unconstitutional and unlawful actions of Defendants which resulted in Plaintiff being deprived of constitutional rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as well as unlawful actions under Florida state law and in support thereof alleges as follows:

## JURISDICTION

1. This action is proper in the Circuit Court in and for Broward County, Florida as all material facts of this cause of action and the accrual of this cause of action occurred in Broward County, Florida.

2. This is an action for damages in excess of $15,000.00, exclusive of attorney's fees and costs.

3. This is an action for damages brought pursuant to 42 U.S.C. §§1983 and 1988, F.S. §768.28, and Florida State law to redress the deprivation of Plaintiff's liberty and rights of Statute, State Constitution, Regulation, Custom or Usages of the rights, and privileges and immunities secured to the Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

4. Concurrent jurisdiction is conferred in the Circuit Court in and for Broward County, Florida under 28 U.S.C. § 1331, to decide cases presenting a question arising under the Constitution and the laws of the United States and under 28 U.S.C. § 1343 (3) and (4) to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution.

5. Jurisdiction is conferred in the Circuit Court in and for Broward County, Florida by Article V. Section 5 (b) of the Florida Constitution to hear all state law claims including claims under the Constitution of the State of Florida.

6. Plaintiff invokes the pendent jurisdiction of this Court under the Supremacy Clause, Article III § 1, pursuant to the U.S. Supreme Court decision in *Howlett v. Rose*, 496 U.S. 356 (1990) which holds Florida state courts are obliged to assume pendant

2

jurisdiction over § 1983 actions against local government entities such as Defendant Sheriff's Office of Broward County, Florida and its deputies.

7. This Court has personal jurisdiction over the Defendants.

## GENERAL ALLEGATIONS, the PARTIES, and VENUE

8. Plaintiff has retained the services of undersigned counsel and has agreed to pay a reasonable fee therefore.

9. All conditions precedent necessary to the maintenance of this action have been performed or have occurred. Plaintiffs have complied with the pre-suit notice requirements under Fla. Stat. §768.28.

10. Plaintiff did not consent to his arrest, imprisonment, or subsequent prosecution.

11. At the time of his arrest, Plaintiff was a resident of Broward County and was wrongly arrested, detained, and prosecuted in Broward County.

12. Broward Sheriff's Office is a political entity of the State of Florida located in Broward County, Florida. Defendant Gregory Tony as Sheriff of Broward County is named herein only in his official capacity.

13. Defendant Gregory Tony is Sheriff of Broward County, and head and policymaker of Broward Sheriff's Office.

14. BSO, by and through Gregory Tony as Sheriff of BSO, is the entity legally responsible for the supervision and training of employees of BSO and has/had the authority to develop, direct and implement policies for all sworn law enforcement officers, compiled, in part, in the BSO Standard Operating Procedures Manual.

15. Defendant Diaz, at all times material hereto, was a duly appointed deputy and employee of Defendant Broward Sheriff's Office located in Broward County, Florida, who resides within Broward County, Florida.

16. Defendant Diaz was acting within the course and scope of his employment or acting on behalf of and for the benefit of Defendant Broward County Sheriff's Office at all times material hereto, unless otherwise stated.

17. Defendant Wlodarczyk, at all times material hereto, was a duly appointed deputy and employee of Defendant Broward Sheriff's Office located in Broward County, Florida, who resides within Broward County, Florida.

18. Defendant Wlodarczyk was acting within the course and scope of her employment or acting on behalf of and for the benefit of Defendant Broward County Sheriff's Office at all times material hereto, unless otherwise stated.

19. At all material times, Defendants were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

**STATEMENT OF FACTS**

20. As of November 29, 2015, Plaintiff owned an apartment in Deerfield Beach, Florida.

21. Plaintiff met an individual by the name of John Phelis (hereinafter referred to as "Mr. Phelis") several months prior at Plaintiff's place of employment; Plaintiff and Mr. Phelis were co-workers.

22. Shortly after meeting, Mr. Phelis informed Plaintiff that he, Mr. Phelis, was on hard times and in need of a place to stay. Plaintiff agreed to rent Mr. Phelis a room in Plaintiff's apartment.

4

23. Unknown to Plaintiff, Mr. Phelis had a history of being aggressive and abusive toward friends and strangers alike.

24. Mr. Phelis' aggression and abusive behavior was eventually turned on the Plaintiff.

25. On or about November 20, 2015, Mr. Phelis physically assaulted the Plaintiff at work. Police were called, responded to the scene, and a police report was generated.

26. On or about November 29, 2015, Mr. Phelis attacked the Plaintiff in Plaintiff's home. Mr. Phelis cornered Plaintiff in the Plaintiff's kitchen, pinned Plaintiff against a kitchen counter face to face, and used the palm of his hand to push and hold Plaintiff's head backward.

27. Plaintiff suffered a serious car accident years before and had had facial reconstructive surgery.

28. Plaintiff unsuccessfully attempted to push and kick Mr. Phelis off of him.

29. When these efforts failed, Plaintiff grabbed a steak knife from a knife block on the kitchen counter immediately next to him and told Mr. Phelis that if Mr. Phelis did not release him, the Plaintiff would have to resort to cutting him with the knife.

30. Mr. Phelis refused to release the Plaintiff, and the Plaintiff was left with no choice but to defend himself by using the steak knife in hand to cut Mr. Phelis' neck.

31. Plaintiff immediately administered a pressure and a towel to Mr. Phelis's neck, provided care and encouragement to Mr. Phelis, and called 911.

32. BSO Deputy Diaz was among the first responding deputies and the deputy who wrote the Reporting Officer Narrative.

33. Deputy Diaz's Reporting Officer Narrative contained several false statements. At best, Deputy Diaz's Report was sloppily written and at worst an overzealous attempt to maliciously fabricate evidence.

34. Among the falsehood in his Reporting Officer Narrative of November 29, 2015, Deputy Diaz wrote that Plaintiff stated during his 911 call that Mr. Phelis had stabbed himself.

35. More instrumental in turning a clear case of self-defense into an attempted murder charge was Deputy Diaz's entry in his report, and subsequent deposition testimony, that the Plaintiff stated that he, the Plaintiff, came up from behind Mr. Phelis and cut Mr. Phelis' throat from behind.

36. Deputy Diaz's falsely attributed statement was wholly untrue and illogical based upon the presence of blood on both Plaintiff's hands and arms and the front of the Plaintiff's jacket.

37. Deputy Diaz's report was incorporated into Lead Detective Wlodarczyk's investigative file, Booking Report on November 29, 2015, and Case Supplemental Report of December 10, 2015.

38. Defendant Wlodarczyk refused to take Plaintiff's statement despite Plaintiff's request to provide the same.

39. On November 30, 2015, Detective Wlodarczyk testified to false information based upon Deputy Diaz's narrative at Plaintiff's first appearance hearing at which time Plaintiff was charged with premeditated murder despite Mr. Phelis being alive. Based upon Detective Wlodarczyk's misleading testimony, the criminal court found proof evident presumption great, and denied Plaintiff bond.

40. Later in the day of November 30, 2015, after testifying at Plaintiff's probably cause hearing, Detective Wlodarczyk got around to interviewing Mr. Phelis who was in the hospital.

41. Detective Wlodarczyk's interview, an interview upon which the Plaintiff's life hung in the balance, lasted no more than ten minutes according to the transcript of the interview, was riddled with leading questions, and was not fully recorded and/or transcribed. Detective Wlodarczyk mis-stated key facts from this transcribed statement in her subsequent report.

42. During this interview, Mr. Phelis admitted that at the time he was cut by the Plaintiff, he, Mr. Phelis, was "trying to hold him [Plaintiff] in place and talk some sense into him [Plaintiff]" and "had his [Mr. Phelis'] hands on him [Plaintiff]".

43. Mr. Phelis also confirmed that the incident took place in the kitchen of the Plaintiff's apartment and that the steak knife involved in the incident was also in the kitchen.

44. And Mr. Phelis confirmed that at the time his was cut, he was face to face with the Plaintiff.

45. BSO Detective Chris Williams' Crime Scene Report of November 29, 2015, noted that Plaintiff's bloodstained jacket (worn at the time of the incident) was "packaged, sealed, and forwarded to the Broward Sheriff's Office Evidence Control Unit for storage".

46. Nonetheless, this jacket, which would have told the tale, was conveniently unmentioned by BSO testifying deputies and the Broward State Attorney during Plaintiff's criminal trial.

7

47. Plaintiff was re-arrested on January 8, 2016, and criminally charged with premeditated first-degree attempted murder.

48. Had BSO and its deputies and detectives done any reasonable investigation, they would have found Mr. Phelis's statement to be illogical and lacking credibility, Mr. Phelis's recent assault of the Plaintiff, Plaintiff's recent Petition for Injunction for Protection Against Repeat Violence, a long history of Mr. Phelis' aggression toward acquaintances, and Mr. Phelis' history of lying about serving in the military.

49. Plaintiff remained in custody until March 14, 2016, at which time the criminal court released Plaintiff with electronic monitoring and no bond after conducting an *Arthur* hearing and finding insufficient evidence of Plaintiff's guilt.

50. Plaintiff had to suffer the inconvenience, societal rebuke, and costs of his electronic monitoring for the next three years while his case was pending.

51. Plaintiff had to hire a criminal attorney to defend him against the criminal charges.

52. On or about April 17, 2019, after an almost four-year nightmare, Plaintiff was acquitted by jury of the attempted murder charge (the only charge against him).

## CLAIMS FOR RELIEF

### COUNT I
**(Violation of Constitutional or Civil Rights under §1983, Against Deputy Diaz)**

53. Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

54. Defendant Diaz, acting under color of State law, detained and arrested Plaintiff at Plaintiff's home, in violation of Plaintiff's Fourth Amendment Rights as made applicable to the states via the Fourteenth Amendment.

8

55. Defendant Diaz wrongfully detained and arrested Plaintiff against Plaintiff's will and without legal authority in an unreasonable manner which was unwarranted under the circumstances. Plaintiff was physically deprived of his freedom of movement, his liberty, and his right to privacy.

56. Plaintiff was restrained in his movements by Defendant Diaz at the scene of Plaintiff's arrest and afterwards. Defendant Diaz had no probable cause or lawful reason to accuse Plaintiff of committing a crime and no probable cause nor substantial reason or lawful justification based upon sufficient evidence to restrain Plaintiff's freedom.

57. Plaintiff's arrest under the circumstances outlined herein violated Plaintiff's clearly established Constitutional Rights to be free from unreasonable arrest, as guaranteed by the Fourth Amendment to the United States Constitution as made applicable to the States via the Fourteenth Amendment.

58. Defendant Diaz violated Plaintiff's clearly established rights to be free from arbitrary and unreasonable arrest. Defendant Diaz ignored evidence and attributed fabricated statements to the Plaintiff used as cause for Plaintiff's arrest and subsequent prosecution.

59. Defendant Diaz knew or should have known that the arrest of Plaintiff under the circumstances outlined herein was in violation of Plaintiff's clearly established Constitutional Rights and otherwise improper and unsupported by the requisite probable cause or other reasonably reliable evidence or investigation.

60. Plaintiff was damaged as a result of the above mentioned violation of his Constitutional Rights including but not limited to his: unlawful seizure, emotional

distress, embarrassment, humiliation, injury to reputation, the imposition of an arrest record against Plaintiff, loss of wages and/or income, expenses incurred in the defense of his criminal case, expenses of complying with bond conditions, and attorney's fees.

WHEREFORE Plaintiff demands Judgment against Defendant Diaz for damages including attorney's fees incurred herein, costs, interest, and for such other and further relief as this Court deems just and proper.

## COUNT II
### (Violation of Constitutional or Civil Rights under §1983, Against Deputy Diaz)

61. Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

62. Defendant Diaz, acting under color of State law, maliciously prosecuted Plaintiff, leading to Plaintiff's continued arrest and judicial prosecution, in violation of Plaintiff's clearly established Fourth and Fifth Amendment Rights as made applicable to the states via the Fourteenth Amendment.

63. An original criminal judicial proceeding against Plaintiff was commenced and continued as a result of Defendant Diaz's wrongful arrest of, and supporting false information used in prosecution against, Plaintiff. Plaintiff became a defendant in the case of *State of Florida v. Charles Helton*, Case No. 15-015353CF10A, in Broward County, Florida.

64. The above criminal case was commenced against Plaintiff as a direct result of Defendant Diaz's knowingly false statements attributed to Plaintiff, made to secure Plaintiff's criminal conviction.

10

65. As Defendant Diaz provided false information in his Incident/Investigation Report and Reporting Officer Narrative, deposition testimony, and to the State Attorney, he was the legal cause of the original criminal judicial proceeding against Plaintiff as the defendant in the original criminal proceeding.

66. Defendant Diaz's falsification of information official records for the intended purpose of securing criminal charges against Plaintiff made Defendant Diaz far more than a passive conduit in Plaintiff's prosecution.

67. Plaintiff secured a bona fide termination of said case in his favor on April 17, 2019, when Plaintiff was acquitted by jury of the sole criminal charge against him.

68. There was an absence of probable cause for the institution of the original proceeding inasmuch as Defendant Diaz knowingly provided false information in his incident report and to the State Attorney for Plaintiff's prosecution.

69. Aside from the false information provided by Defendant Diaz, there exists no evidence that Plaintiff ever committed the crime for which he was cited and prosecuted by Defendant Diaz. In short, Defendant Diaz failed to reasonably and properly investigate Plaintiff's actions and the Defendant's claims before charging in and making an immediate arrest.

70. Defendant Diaz acted with legal malice because there was no probable cause for Plaintiff's arrest. Additionally, Defendant Diaz's actions subsequent to his wrongful arrest of Plaintiff, including perpetuating his false statements attributed to the Plaintiff, were so outrageous as to be considered the substantial equivalent of actual malice.

71. Defendant Diaz knew or should have known that his wrongful prosecution and continuing arrest of Plaintiff under the circumstances outlined herein was in violation of Plaintiff's clearly established Constitutional Rights and otherwise improper and unsupported by the requisite probable cause or sufficiently reliable evidence or investigation.

72. The arrest of Plaintiff under the circumstances outlined herein violated Plaintiff's clearly established Constitutional Rights to be free from unreasonable prosecution and continuing arrest, as guaranteed by the Fourth and Fifth Amendment to the United States Constitution as made applicable to the States via the Fourteenth Amendment.

73. Plaintiff suffered damages as a direct result of the malicious prosecution wrongfully instituted against him including but not limited to the costs of hiring a lawyer to defend criminal charges, expenses of complying with bond conditions, lost wages and/or income, physical inconvenience, injury to reputation, embarrassment and humiliation at being and having been prosecuted, the imposition of a criminal record against Plaintiff, emotional distress and outrage, embarrassment, humiliation, and mental suffering.

WHEREFORE Plaintiff demands Judgment against Defendant Diaz for damages including attorney's fees incurred herein, costs, interest, and for such other and further relief as this Court deems just and proper.

**COUNT III**
**(Violation of Constitutional or Civil Rights under §1983, Against Deputy**
**Wlodarczyk)**

74. Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

75. Defendant Wlodarczyk, acting under color of State law, detained and arrested Plaintiff, in violation of Plaintiff's Fourth Amendment Rights as made applicable to the states via the Fourteenth Amendment.

76. Defendant Wlodarczyk wrongfully detained and arrested Plaintiff against Plaintiff's will and without legal authority in an unreasonable manner which was unwarranted under the circumstances. Plaintiff was physically deprived of his freedom of movement, his liberty, and his right to privacy.

77. Plaintiff was restrained in his movements by Defendant Wlodarczyk at the scene of Plaintiff's arrest and/or afterwards. Defendant Wlodarczyk had no probable cause or lawful reason to accuse Plaintiff of committing a crime and no probable cause nor substantial reason or lawful justification based upon sufficient evidence to restrain Plaintiff's freedom.

78. Plaintiff's arrest under the circumstances outlined herein violated Plaintiff's clearly established Constitutional Rights to be free from unreasonable arrest, as guaranteed by the Fourth Amendment to the United States Constitution as made applicable to the States via the Fourteenth Amendment.

79. Defendant Wlodarczyk violated Plaintiff's clearly established rights to be free from arbitrary and unreasonable arrest. Defendant Wlodarczyk ignored evidence and attributed clearly-fabricated statements to the Plaintiff used as cause for Plaintiff's arrest and subsequent prosecution.

80. Defendant Wlodarczyk knew or should have known that the arrest of Plaintiff under the circumstances outlined herein was in violation of Plaintiff's clearly established Constitutional Rights and otherwise improper and unsupported by the requisite probable cause or other reasonably reliable evidence or investigation.

81. Plaintiff was damaged as a result of the above mentioned violation of his Constitutional Rights including but not limited to his: unlawful seizure, emotional distress, embarrassment, humiliation, injury to reputation, the imposition of an arrest record against Plaintiff, loss of wages and/or income, expenses incurred in the defense of his criminal case, expenses of complying with bond conditions, and attorney's fees.

   WHEREFORE Plaintiff demands Judgment against Defendant Wlodarczyk for damages including attorney's fees incurred herein, costs, interest, and for such other and further relief as this Court deems just and proper.

### COUNT IV
### (Violation of Constitutional or Civil Rights under §1983, Against Deputy Wlodarczyk)

82. Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

83. Defendant Wlodarczyk, acting under color of State law, maliciously prosecuted Plaintiff, leading to Plaintiff's continued arrest and judicial prosecution, in violation of Plaintiff's clearly established Fourth and Fifth Amendment Rights as made applicable to the states via the Fourteenth Amendment.

84. An original criminal judicial proceeding against Plaintiff was commenced and continued as a result of Defendant Wlodarczyk wrongful arrest of, and supporting

false information used in prosecution against, Plaintiff. Plaintiff became a defendant in the case of *State of Florida v. Charles Helton*, Case No. 15-015353CF10A, in Broward County, Florida.

85. The above criminal case was commenced against Plaintiff as a direct result of Defendant Wlodarczyk knowingly false statements attributed to Plaintiff, made to secure Plaintiff's criminal conviction.

86. As Defendant Wlodarczyk relied upon and perpetuated false information in her complaint affidavit, deposition testimony, and to the State Attorney, she was the legal cause of the original criminal judicial proceeding against Plaintiff as the defendant in the original criminal proceeding.

87. Defendant Wlodarczyk's reliance on falsified, illogical, and uncredible information for the intended purpose of securing criminal charges against Plaintiff made Defendant Wlodarczyk far more than a passive conduit in Plaintiff's prosecution.

88. Plaintiff secured a bona fide termination of said case in his favor on April 17, 2019, when Plaintiff was acquitted by jury of the sole criminal charge against him.

89. There was an absence of probable cause for the institution of the original proceeding inasmuch as Defendant Wlodarczyk knowingly relied upon and perpetuated false information in her complaint affidavit and to the State Attorney for Plaintiff's prosecution.

90. Aside from the false information provided by Defendant Diaz and relied upon and knowingly perpetuated by Defendant Wlodarczyk, there exists no evidence that Plaintiff ever committed the crime for which he was cited and prosecuted by Defendant Wlodarczyk. In short, Defendant Wlodarczyk failed to reasonably and

properly investigate Plaintiff's actions and the Defendant's claims before arresting Plaintiff.

91. Defendant Wlodarczyk acted with legal malice because there was no probable cause for Plaintiff's arrest. Additionally, Defendant Wlodarczyk's actions subsequent to her wrongful arrest of Plaintiff, including perpetuating known false statements attributed to the Plaintiff, were so outrageous as to be considered the substantial equivalent of actual malice.

92. Defendant Wlodarczyk knew or should have known that her wrongful prosecution and continuing arrest of Plaintiff under the circumstances outlined herein was in violation of Plaintiff's clearly established Constitutional Rights and otherwise improper and unsupported by the requisite probable cause or sufficiently reliable evidence or investigation.

93. The arrest of Plaintiff under the circumstances outlined herein violated Plaintiff's clearly established Constitutional Rights to be free from unreasonable prosecution and continuing arrest, as guaranteed by the Fourth and Fifth Amendment to the United States Constitution as made applicable to the States via the Fourteenth Amendment.

94. Plaintiff suffered damages as a direct result of the malicious prosecution wrongfully instituted against him including but not limited to the costs of hiring a lawyer to defend criminal charges, expenses of complying with bond conditions, lost wages and/or income, physical inconvenience, injury to reputation, embarrassment and humiliation at being and having been prosecuted, the imposition of a criminal record

16

against Plaintiff, emotional distress and outrage, embarrassment, humiliation, and mental suffering.

WHEREFORE Plaintiff demands Judgment against Defendant Wlodarczyk for damages including attorney's fees incurred herein, costs, interest, and for such other and further relief as this Court deems just and proper.

## COUNT V
### (Violation of Constitutional or Civil Rights under §1983, Against BSO)

95. Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

96. Defendants Diaz and Wlodarczyk, acting under color of State law, detained and arrested Plaintiff, in violation of Plaintiff's Fourth Amendment Rights as made applicable to the states via the Fourteenth Amendment.

97. Defendant Diaz and Wlodarczyk wrongfully detained and arrested Plaintiff against Plaintiff's will and without legal authority in an unreasonable manner which was unwarranted under the circumstances. Plaintiff was physically deprived of his freedom of movement, his liberty, and his right to privacy.

98. Plaintiff was restrained in his movements by Defendant Diaz and Wlodarczyk at the scene of Plaintiff's arrest and afterwards. Defendants Diaz and Wlodarczyk had no probable cause or lawful reason to accuse Plaintiff of committing a crime and no probable cause nor substantial reason or lawful justification based upon sufficient evidence to restrain Plaintiff's freedom.

99. Plaintiff's arrest under the circumstances outlined herein violated Plaintiff's clearly established Constitutional Rights to be free from unreasonable arrest, as guaranteed

by the Fourth Amendment to the United States Constitution as made applicable to the States via the Fourteenth Amendment.

100.    Defendants Diaz and Wlodarczyk violated Plaintiff's clearly established rights to be free from arbitrary and unreasonable arrest and prosecution.

101.    Defendants Diaz and Wlodarczyk ignored evidence, conducted an unreasonable and improper investigation, and attributed fabricated statements to the Plaintiff all in support of their unlawful arrest and prosecution of the Plaintiff.

102.    Defendants Diaz and Wlodarczyk knew or should have known that the arrest and prosecution of Plaintiff under the circumstances outlined herein was in violation of Plaintiff's clearly established Constitutional Rights and otherwise improper and unsupported by the requisite probable cause or other reasonably reliable evidence or investigation.

103.    BSO tacitly condoned and affirmed these unlawful actions by taking no remedial action after being actually or constructively informed by reports filed by the above-named BSO deputies that were inconsistent, illogical, and uncredible, contradictory testimony, arguable perjury, and failures to follow BSO procedures to the extent they existed.

104.    On information and belief, Defendant BSO also tacitly condoned and affirmed these unlawful actions by taking inadequate investigatory and remedial action in response to previous complaints similar to Plaintiff's of which BSO was actually or constructively aware.

105. BSO also created a policy, practice, custom, and policymaker decision under which Defendant Diaz's and Wlodarczyk's unlawful actions and unconstitutional violations occurred.

106. BSO failed to adequately supervise and discipline his deputies by ignoring and failing to properly investigate and remedy civilian complaints concerning the unlawful actions of offending BSO deputies. In failing to adequately supervise and discipline its subordinates, BSO was deliberately indifferent to Plaintiff's rights.

107. Defendant Gregory Tony as Sheriff of Broward County fostered an atmosphere of turning a blind eye to deputy misconduct in an effort to preserve BSO independence and to shield BSO and its deputies from liability.

108. In failing to adequately supervise and discipline his subordinates, Gregory Tony as Sheriff of Broward County was deliberately indifferent to Plaintiff's rights. A reasonable person in Sheriff Gregory Tony's official position would know that the failure to supervise and discipline reflected deliberate indifference, and that this conduct was causally related to the constitutional infringement by his subordinates.

109. Defendant Sheriff Gregory Tony's failure to adequately supervise and discipline BSO deputies is further evidenced by the volume of unlawful actions and complicity of Deputies Diaz and Wlodarczyk in: attributing fabricated statements to Plaintiff; relying on those statements long after their illogical and uncredible nature was clear; taking a wholly inadequate statement from the alleged victim; leading and/or coaching the alleged victim during his statement; failing to do a reasonable background investigation on the victim and/or his previous assaults of the Plaintiff; and failing to report this disturbing sequence of events to BSO superiors.

110. Furthermore, on information and belief, at times material hereto, Defendant BSO's policies set forth no clear standard of investigation, proof, or evidence in conducting investigations relating to murder and/or attempted murder and/or in conducting investigations into civilian complaints.

111. Plaintiff was damaged as a result of the above mentioned violation of his Constitutional Rights including but not limited to his: unlawful seizure, emotional distress, embarrassment, humiliation, injury to reputation, the imposition of an arrest record against Plaintiff, loss of wages and/or income, expenses incurred in the defense of his criminal case, expenses of complying with bond conditions, and attorney's fees.

WHEREFORE Plaintiff demands Judgment against Defendant Gregory Tony as Sheriff of Broward County for damages including attorney's fees incurred herein, costs, interest, and for such other and further relief as this Court deems just and proper.

## COUNT VI
### (State Law False Arrest Against Deputy Diaz)

112. Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

113. Plaintiff had never been arrested and had no arrest record of any kind until the challenged arrest and prosecution against him.

114. Defendant Diaz wrongfully detained and arrested Plaintiff against Plaintiff's will without legal authority in an unreasonable manner which was unwarranted under the circumstances. Plaintiff was physically deprived of his freedom of movement, his liberty, and his right to privacy as guaranteed by the Federal and State Constitution.

115.   Plaintiff was restrained in his movements by Defendant Diaz at the scene of Plaintiff's arrest and afterwards. Defendant had no probable cause or lawful reason to accuse Plaintiff of committing various crimes and no probable cause nor substantial reason or lawful justification based upon sufficient evidence to restrain Plaintiff's freedom in any fashion.

116.   Plaintiff has suffered damages as a direct result of his wrongful arrest and imprisonment including but not limited his unlawful seizure, emotional distress, embarrassment, humiliation, injury to reputation, the imposition of an arrest record against Plaintiff, loss of wages and/or income, expenses incurred in the defense of his criminal case, expenses of complying with bond conditions, and attorney's fees.

WHEREFORE Plaintiff demands Judgment against Defendant Diaz for damages including attorney's fees incurred herein, costs, interest, and for such other and further relief as this Court deems just and proper.

### COUNT VII
**(State Law False Arrest Against Deputy Wlodarczyk)**

117.   Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

118.   Plaintiff had never been arrested and had no arrest record of any kind until the challenged arrest and prosecution against him.

119.   Defendant Wlodarczyk wrongfully detained and arrested Plaintiff against Plaintiff's will without legal authority in an unreasonable manner which was unwarranted under the circumstances. Plaintiff was physically deprived of his freedom of movement, his liberty, and his right to privacy as guaranteed by the Federal and State Constitution.

21

120.    Plaintiff was restrained in his movements by Defendant Wlodarczyk at the scene of Plaintiff's arrest and afterwards. Defendant had no probable cause or lawful reason to accuse Plaintiff of committing various crimes and no probable cause nor substantial reason or lawful justification based upon sufficient evidence to restrain Plaintiff's freedom in any fashion.

121.    Plaintiff has suffered damages as a direct result of his wrongful arrest and imprisonment including but not limited his unlawful seizure, emotional distress, embarrassment, humiliation, injury to reputation, the imposition of an arrest record against Plaintiff, loss of wages and/or income, expenses incurred in the defense of his criminal case, expenses of complying with bond conditions, and attorney's fees.

WHEREFORE Plaintiff demands Judgment against Defendant Wlodarczyk for damages including attorney's fees incurred herein, costs, interest, and for such other and further relief as this Court deems just and proper.

### COUNT VIII
### (False Arrest Against Gregory Tony as Sheriff of Broward County)

1.  Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

2.  Plaintiff had never been arrested and had no arrest record of any kind until the challenged arrest and prosecution against him.

3.  BSO wrongfully detained and arrested Plaintiff against Plaintiff's will without legal authority in an unreasonable manner which was unwarranted under the circumstances. He was physically deprived of his freedom of movement, his

22

liberty, and his right to privacy as guaranteed by the Federal and State Constitution.

4. Plaintiff was restrained in his movements by Deputy Diaz and Deputy Wlodarczyk and other deputies acting on behalf of Defendant Broward Sheriff's Office at the scene of Plaintiff's arrest and afterwards. Defendants had no probable cause or lawful reason to accuse Plaintiff of committing various crimes and no probable cause nor substantial reason or lawful justification based upon sufficient evidence to restrain Plaintiff's freedom in any fashion.

5. Plaintiff has suffered damages as a direct result of his wrongful arrest and imprisonment including but not limited to his unlawful seizure, emotional distress, embarrassment, humiliation, injury to reputation, the imposition of an arrest record against Plaintiff, loss of wages and/or income, expenses incurred in the defense of his criminal case, expenses of complying with bond conditions, and attorney's fees.

WHEREFORE Plaintiff demands Judgment against Defendant Gregory Tony as Sheriff of Broward County for damages, costs, interest, and for such other and further relief as the Court deems just and proper.

**COUNT IX**
**(State Law Malicious Prosecution Against Deputy Diaz)**

122. Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

123. Defendant Diaz, acting under color of State law, maliciously prosecuted Plaintiff, leading to Plaintiff's continued arrest and judicial prosecution, in violation of

23

Plaintiff's clearly established Fourth and Fifth Amendment Rights as made applicable to the states via the Fourteenth Amendment.

124.    An original criminal judicial proceeding against Plaintiff was commenced and continued as a result of Defendant Diaz's wrongful arrest of, and supporting false information used in prosecution against, Plaintiff. Plaintiff became a defendant in the case of *State of Florida v. Charles Helton*, Case No. 15-015353CF10A, in Broward County, Florida.

125.    The above criminal case was commenced against Plaintiff as a direct result of Defendant Diaz's knowingly false statements attributed to Plaintiff, made to secure Plaintiff's criminal conviction.

126.    As Defendant Diaz provided false information in his Incident/Investigation Report and Reporting Officer Narrative, deposition testimony, and to the State Attorney, he was the legal cause of the original criminal judicial proceeding against Plaintiff as the defendant in the original criminal proceeding.

127.    Defendant Diaz's falsification of information official records for the intended purpose of securing criminal charges against Plaintiff made Defendant Diaz far more than a passive conduit in Plaintiff's prosecution.

128.    Plaintiff secured a bona fide termination of said case in his favor on April 17, 2019, when Plaintiff was acquitted by jury of the sole criminal charge against him.

129.    There was an absence of probable cause for the institution of the original proceeding inasmuch as Defendant Diaz knowingly provided false information in his incident report and to the State Attorney for Plaintiff's prosecution.

130.     Aside from the false information provided by Defendant Diaz, there exists no evidence that Plaintiff ever committed the crime for which he was cited and prosecuted by Defendant Diaz. In short, Defendant Diaz failed to reasonably and properly investigate Plaintiff's actions and the Defendant's claims before charging in and making an immediate arrest.

131.     Defendant Diaz acted with legal malice because there was no probable cause for Plaintiff's arrest. Additionally, Defendant Diaz's actions subsequent to his wrongful arrest of Plaintiff, including perpetuating his false statements attributed to the Plaintiff, were so outrageous as to be considered the substantial equivalent of actual malice.

132.     Defendant Diaz knew or should have known that his wrongful prosecution and continuing arrest of Plaintiff under the circumstances outlined herein was in violation of Plaintiff's clearly established Constitutional Rights and otherwise improper and unsupported by the requisite probable cause or sufficiently reliable evidence or investigation.

133.     The arrest of Plaintiff under the circumstances outlined herein violated Plaintiff's clearly established state law rights to be free from unreasonable prosecution and continuing arrest, as guaranteed by the Fourth and Fifth Amendment to the United States Constitution as made applicable to the States via the Fourteenth Amendment.

6.    Plaintiff suffered damages as a direct result of the malicious prosecution wrongfully instituted against him including but not limited to his unlawful arrest and imprisonment, emotional distress, embarrassment, humiliation, injury to reputation, the imposition of an arrest record against Plaintiff, loss of wages

25

and/or income, expenses incurred in the defense of his criminal case, expenses of complying with bond conditions, and attorney's fees.

134.    WHEREFORE Plaintiff demands Judgment against Defendant Diaz for damages including attorney's fees incurred herein, costs, interest, and for such other and further relief as this Court deems just and proper.

## COUNT X
### (State Law Malicious Prosecution Against Deputy Wlodarczyk)

135.    Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

136.    Defendant Wlodarczyk, acting under color of State law, maliciously prosecuted Plaintiff, leading to Plaintiff's continued arrest and judicial prosecution, in violation of Plaintiff's clearly established Fourth and Fifth Amendment Rights as made applicable to the states via the Fourteenth Amendment.

137.    An original criminal judicial proceeding against Plaintiff was commenced and continued as a result of Defendant Wlodarczyk's wrongful arrest of, and supporting false information used in prosecution against, Plaintiff. Plaintiff became a defendant in the case of *State of Florida v. Charles Helton*, Case No. 15-015353CF10A, in Broward County, Florida.

138.    The above criminal case was commenced against Plaintiff as a direct result of Defendant Wlodarczyk's knowingly false statements attributed to Plaintiff, made to secure Plaintiff's criminal conviction.

139.    As    Defendant    Wlodarczyk    provided    false    information    in    his Incident/Investigation Report, testimony, and to the State Attorney, he was the legal

26

cause of the original criminal judicial proceeding against Plaintiff as the defendant in the original criminal proceeding.

140.    Defendant Wlodarczyk's falsification of information official records for the intended purpose of securing criminal charges against Plaintiff made Defendant Wlodarczyk far more than a passive conduit in Plaintiff's prosecution.

141.    Plaintiff secured a bona fide termination of said case in his favor on April 17, 2019, when Plaintiff was acquitted by jury of the sole criminal charge against him.

142.    There was an absence of probable cause for the institution of the original proceeding inasmuch as Defendant Wlodarczyk knowingly provided false information in his incident report and to the State Attorney for Plaintiff's prosecution.

143.    Aside from the false information provided by Defendant Wlodarczyk, there exists no evidence that Plaintiff ever committed the crime for which he was cited and prosecuted by Defendant Wlodarczyk. In short, Defendant Wlodarczyk failed to reasonably and properly investigate Plaintiff's actions and the Defendant's claims before charging in and making an immediate arrest.

144.    Defendant Wlodarczyk acted with legal malice because there was no probable cause for Plaintiff's arrest. Additionally, Defendant Wlodarczyk's actions subsequent to his wrongful arrest of Plaintiff, including perpetuating known false statements attributed to the Plaintiff, were so outrageous as to be considered the substantial equivalent of actual malice.

145.    Defendant Wlodarczyk knew or should have known that his wrongful prosecution and continuing arrest of Plaintiff under the circumstances outlined herein was in violation of Plaintiff's clearly established state law rights and otherwise improper and

27

unsupported by the requisite probable cause or sufficiently reliable evidence or investigation.

146.    The arrest of Plaintiff under the circumstances outlined herein violated Plaintiff's clearly established state law rights to be free from unreasonable prosecution and continuing arrest, as guaranteed by Florida state law.

147.    Plaintiff suffered damages as a direct result of the malicious prosecution wrongfully instituted against him including but not limited to his unlawful arrest and imprisonment, emotional distress, embarrassment, humiliation, injury to reputation, the imposition of an arrest record against Plaintiff, loss of wages and/or income, expenses incurred in the defense of his criminal case, expenses of complying with bond conditions, and attorney's fees.

WHEREFORE Plaintiff demands Judgment against Defendant Wlodarczyk for damages including attorney's fees incurred herein, costs, interest, and for such other and further relief as this Court deems just and proper.

## COUNT XI
### (Negligence under §768.28, Against Gregory Tony as Sheriff of Broward County)

148.    Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51 as if fully set forth below.

149.    Defendant Broward County Sheriff's Office had a duty to properly investigate criminal suspects before resorting to arrest, imprisonment, filing charges, and participating in criminal prosecution.

150.    BSO deputies engage in conduct that is in its nature dangerous to members of the general public.

151.   BSO failed to make an appropriate investigation of Plaintiff's case before arresting, detaining, charging, and participating in the criminal prosecution of the Plaintiff.

152.   An appropriate investigation of Plaintiff's actions on November 29, 2015, would have revealed that his actions were a clear case of self-defense.

153.   Plaintiff suffered damages as a direct result of BSO's negligence and breach of its duty including, but not limited to, his unlawful arrest and imprisonment, emotional distress, embarrassment, humiliation, injury to reputation, the imposition of an arrest record against Plaintiff, loss of wages and/or income, expenses incurred in the defense of his criminal case, expenses of complying with bond conditions, and attorney's fees.

WHEREFORE Plaintiff demands Judgment against Defendant Gregory Tony as Sheriff of Broward County for damages, costs, interest, and for such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fla. R. Civ. P. 1.430, Plaintiff Charles Helton hereby demands a trial by jury on all claims so triable as of right.

Respectfully submitted,

By: /s/Benjamin Korn                                    .
    Benjamin Korn/ FL Bar No.: 79003
    The Law Office of Benjamin Korn, P.L.L.C.
    Attorney for Plaintiff
    444 Brickell Ave., Ste. 51-332
    Miami, FL 33131
    Tel.: (305) 744-5076
    Fax: (305) 742-2779
    Em.: law@benjaminkorn.com